PER CURIAM.
This case is before the Court on the petition of Roger Lee Cherry for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. For the following reasons, we grant Cherry’s petition and remand to the circuit court for an evidentiary hearing on Cherry’s claim of intellectual disability.
Roger Lee Cherry was convicted of two counts of first-degree murder, after which a jury recommended the sentence of death *702 by a vote of seven to five for the first count and nine to three for the second count. We affirmed the convictions and one of the death sentences but vacated the other sentence with instructions to enter a life sentence. Cherry v. State, 544 So.2d 184 (Fla.1989).
In a 2005 evidentiary hearing, Drs. Gregory Prichard and Peter Bursten testified that Cherry met the criteria for intellectual disability. The experts testified that Cherry received a full scale IQ score of 72. The experts also- found that Cherry met the other two prongs for establishing that he is intellectually disabled. Nevertheless, the circuit court denied relief, finding that Cherry did not meet the statutory definition of intellectual disability. We affirmed in Cherry v. State, 959 So.2d 702 (Fla.2007).
Cherry asserts that we should revisit our prior decision in which the Court found that Cherry was not intellectually disabled under the first prong of Cherry, thereby precluding consideration of the remaining Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), factors. Similar to the defendant in Hall v. Florida, — U.S. -, 134 S.Ct. 1986, 188 L.Ed.2d 1007 (2014), Cherry took multiple IQ tests over the course of thirty-seven years. Cherry, 959 So.2d at 712 n. 6. Based on the new standard imposed by Hall and taking into account the standard error of measurement of IQ tests, we find that Cherry is entitled to an evidentiary hearing on the remaining prongs to establish whether he has an intellectual disability. See Hall, 134 S.Ct. at 1993, 2000, 2001 (stating that a determination of intellectual disability requires a court to “take into account the standard error of measurement” of IQ tests rather than implement a “rigid rule” characterizing intellectual disability as an IQ of 70 or below.) We therefore grant Cherry’s petition and remand this case to the circuit court for an evidentiary hearing in accordance with Hall. See Walls v. State, — So.3d -, 41 Fla. L. Weekly S466 (Fla. Oct. 20, 2016).
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.